In re WILLIAMS.

(District Court, W. D. Tennessee. January 14, 1901.)

BANKRUPTCY—PETITION FOR REVISION—PROCEDURE.

In a case for revision by original petition under Bankr. Act, § 24b, the petition must be filed in the court of appeals, and not in the district court, and cannot be "allowed" by the district court or judge by analogy to the process of taking appeals.[1]

[1] Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

Application for an appeal to the circuit court of appeals, and also to be allowed to file a petition for revision, and to have the court fix the necessary bonds, issue the necessary citations, direct the necessary notice to be given to defendants, and to otherwise perfect the appeal and revision.

Hugh Edgington, for the motion.

Chas. R. White, opposed.

HAMMOND, J. This is a case for revision by original petition, under section 24b, Bankr. Act, and not for appeal, under section 25a, Id. The petition for revision must be filed in the court of appeals, and not here. Job-Printing Co. v. Schaefer, 41 C. C. A. 614, 101 Fed. 699. Neither the supreme court nor the court of appeals has seen fit to regulate the practice by rules prescribed for the purpose, and it seems plain to me that it would be an impertinent usurpation for the district court or judge to assume any function or authority in that behalf; and this notwithstanding the analogy suggested in Re Abraham, 35 C. C. A. 592, 93 Fed. 767–783. The court of appeals may, if it choose, treat an unauthorized appeal as an original petition for review, but non constat that the judge of the court of bankruptcy may "allow" the petition for revision, or resort to an unauthorized proceeding, as if upon appeal, to suit the convenience of parties. The proceedings for taking an appeal and for a review in bankruptcy are entirely distinct. Under the general law as contained in the Revised Statutes regulating the process of appeal, and section 25a of the bankruptcy statute, any judge of the court of original cognizance may "allow" the appeal, perhaps; certainly so under general order in bankruptcy No. 36 (32 C. C. A. xxxvi., 89 Fed. xiv.); but, in the absence of such statutory authority, I cannot agree that a review may be so had by "analogy" merely because neither the supreme court, under its special powers conferred by the bankruptcy statute, nor the court of appeals, under its general power to regulate its practice, original or appellate, has chosen to prescribe the mode of practice. Whatever inconvenience results must be endured until the actual practice by precedent has become established. The application of counsel that I shall fix a bond, approve the sureties, and direct the time and character of the "due notice" to be given under section 24b, is obviously beyond the power of the district court of bankruptcy.